UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CATHY DUGAS | CIVIL ACTION |
| VERSUS | NO. 11-135 |
| ST. CHARLES COMMUNITY HEALTH CENTER, INC. | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

### ORDER ON MOTION

APPEARANCES:  None (on the briefs)

MOTION:    Defendant's Motion for Partial Summary Judgment, Record Doc. No. 25

O R D E R E D:

 XXX : DENIED.  Defendant moves for partial summary judgment regarding plaintiff's claims for lost wages and retaliatory termination.  A plaintiff can establish a prima facie case of retaliation by proving that (1) she engaged in activity protected by Title VII, (2) an adverse employment action occurred and (3) a causal connection exists between the protected activity and the adverse employment action. Ogletree v. Glen Rose Indep. Sch. Dist., No. 11-50170, 2011 WL 4807891, at *2 (5th Cir. Oct. 11, 2011) (citing Stewart v. Miss. Transp. Comm'n, 586 F.3d 321, 331 (5th Cir. 2009)).  The requirement of establishing a prima facie case of retaliation is not onerous. Manning v. Chevron Chem. Co., 332 F.3d 874, 883 n.6 (5th Cir. 2003).

Defendant argues that plaintiff cannot establish the third prong of her prima facie case because defendant terminated her employment when she failed to return to work after an extended medical leave.  Defendant contends that it would have fired her for this reason regardless of her previous filing of a discrimination charge with the EEOC. However,

> [t]he causal link required by the third prong of the prima facie case does not have to meet a "but for" standard.  A plaintiff does not have to prove that his protected activity was the sole factor motivating the employer's challenged actions in order to establish the causal link element of a prima

      facie case. . . . [A] plaintiff may also satisfy the burden of proving retaliation by demonstrating that unlawful retaliation was <u>a motivating factor</u> in the employer's adverse employment decision.

<u>Williams v. Racetrac Petroleum, Inc.</u>, No. 09-141-SCR, 2010 WL 2035728, at *2-3 (M.D. La. May 20, 2010) (Riedlinger, M.J.) (citing <u>Smith v. Xerox Corp.</u>, 602 F.3d 320 (5th Cir. 2010)) (emphasis added).

      Plaintiff, proceeding pro se, has produced evidence that could establish, if believed by the trier of fact, that her termination may have been motivated at least in part by defendant's retaliatory intent. Accordingly, defendant has not shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" as to plaintiff's claim of retaliatory termination. Fed. R. Civ. P. 56(a).

      Plaintiff's "claim" for lost wages is merely an element of her alleged damages, not a cause of action. If she prevails at trial on any of her causes of action, which include retaliatory demotion, failure to promote and termination, she may be able to prove that she lost wages as a result of defendant's actions. Accordingly, summary judgment is inappropriate regarding her lost wages claim.

      A final pretrial conference will be held as scheduled on October 27, 2011 at 2:00 p.m. in the chambers of the undersigned Magistrate Judge. The parties must be prepared in accordance with the final Pretrial Notice attached to Record Doc. No. 15, except that the office of defense counsel is responsible for the physical production/final word processing of the proposed pretrial order after obtaining plaintiff's inserts. A nonjury trial will commence on November 14, 2011 at 10:00 a.m. before the undersigned Magistrate Judge.

      New Orleans, Louisiana, this \_\_\_21st\_\_\_ day of October, 2011.

      JOSEPH C. WILKINSON, JR.
      UNITED STATES MAGISTRATE JUDGE